UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWNYETTA S.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 2:24-cv-10424
Magistrate Judge Kimberly G. Altman

**ORDER**
**GRANTING PLAINTIFF'S COUNSEL'S MOTION**
**FOR RELIEF FROM LOCAL RULE 83.20 (ECF No. 3)**

    I.    Introduction

This is a social security case. Plaintiff Dawnyetta S. brings this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security (Commissioner) denying her application for benefits under the Social Security Act (the Act). Before the Court is plaintiff's counsel's motion for relief from E.D. of Mich. Local Rule 83.20 requiring designation of local counsel.

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

1

(ECF No. 3). For the reasons that follow, the motion will be GRANTED.

## II. Discussion

"A person is eligible for admission to the bar of this Court if the person has been admitted to practice in a state court of record and is in good standing." *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1421527, at *1 (E.D. Mich. May 23, 2006) (citing E.D. Mich. Local Rule 83.20(c)(1)). Eastern District of Michigan Local Rule 83.20(f)(1) specifies that out-of-state attorneys must have local counsel to appear on a case as attorney of record unless the Court relieves them of this duty.[2]

Plaintiff's counsel, Bryan Konoski, states in his motion that he specializes in federal court appeals of Social Security disability cases; that the attorney who referred him this case did not agree to act as local counsel; that the case has merit; and that he believes that local counsel for attendance at hearings or for service of process in this matter would be unnecessary. (ECF No. 3, PageID.13-16).

"Courts in this district have generally required compliance with [Local Rule

---

[2] E.D. Mich. LR. 83.20(f)(1) provides:
… A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

2

83.20(f)]." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases). However, courts have also relieved attorneys from the requirement to obtain local counsel where good cause is shown. *See, e.g.*, *id.*; *Koenemann*. Here, the Court finds that it is appropriate to grant plaintiff's counsel's motion for the reasons he states.

### III. Conclusion

For the reasons stated above, plaintiff's counsel's motion for relief from Local Rule 83.20 requiring designation of local counsel, (ECF No. 3), is GRANTED. Counsel shall file an appearance in this matter upon receiving this Order.

SO ORDERED.

Dated: February 22, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2024.

 s/Julie Owens acting in the absence of Carolyn Ciesla
 CAROLYN CIESLA
 Case Manager